**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-20372
Summary Calendar

---

EARNEST KING,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
H-95-CV-1616

---

November 26, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

A Texas jury found Earnest King guilty of possession of cocaine. After exhausting his state remedies, King unsuccessfully sought relief under 28 U.S.C. § 2254. King appeals. He contends that the evidence is insufficient to support his conviction. Specifically, he argues that the evidence is insufficient to show that he knowingly possessed cocaine. We have reviewed the record

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the briefs of the parties, and find sufficient evidence to support the conviction.

An officer of the Houston Police Department was dispatched to an apartment complex in response to a citizen complaint regarding drug trafficking in the area. Upon his arrival, he encountered King, who at that time was staggering and incoherent. King's eyes were glazed and his speech was slurred. The officer arrested King for public intoxication. During a post-arrest search of King's person, the officer found a crack pipe, still damp, in a pocket of King's trousers. The receptacle contained a residue that was visible to the naked eye. The officer conducted a field test on the residue found in the pipe, and it tested positive for cocaine. Four tests subsequently performed by a police chemist showed the positive presence of cocaine within the residue. In sum, the amount of cocaine was too small to be measured, but it was apparent to the naked eye and sufficient for scientific tests to confirm that the residue was cocaine.

Viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

AFFIRMED.

---

[2] See *Peters v. Whitley*, 942 F.2d 937, 941 (5th Cir. 1991).